```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
KAMALLIE ROBINSON,

                Plaintiff,
                                              COMPLAINT
          -against-
                                              Plaintiff Demands
THE CITY OF NEW YORK; NEW YORK CITY            Trial By Jury
POLICE OFFICER RYAN HOFFMAN, Shield
No. 29755; Police Officer JAMES DICK,
Shield No. 15402; JOHN DOES; RICHARD
ROES;

                Defendants.
- - - - - - - - - - - - - - - - - - -X
```

**PRELIMINARY STATEMENT**

1.  This is a civil action in which the plaintiff, KAMALLIE ROBINSON, seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

1

## JURISDICTION

2.  This action is brought pursuant to the Constitution of the United States, including its First, Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3.  Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c).

## PARTIES

5.  Plaintiff was at all times relevant herein a resident of the State of New York.  Plaintiff is a black man.

6.  Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately

responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7.   Defendants HOFFMAN, DICK and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK.  Defendants HOFFMAN and JOHN DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants HOFFMAN, DICK and JOHN DOES are sued individually.

8. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants RICHARD ROES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually.

## STATEMENT OF FACTS

9. On the afternoon of March 21, 2013, Plaintiff KAMALLIE ROBINSON came out, with a friend of his, from a clothing store located near the intersection of Jamaica Avenue and 165th Street, Queens, NY.

10. Two JOHN DOES members of the NYPD, on information and

belief Defendants HOFFMAN and DICK, stopped Plaintiff's friend and asked Plaintiff's friend what he had in his pocket.

11. There was no reasonable suspicion nor probable cause for Defendants HOFFMAN and DICK to believe there was anything illegal in Plaintiff's friend's pocket, or that there was any other sort of illegality afoot concerning either Plaintiff's friend or Plaintiff.

12. Plaintiff's friend showed Defendants HOFFMAN and DICK a legal box cutter that he had in his pocket.

13. Defendants HOFFMAN and DICK stated, falsely, that the box cutter was illegal, and that Plaintiff's friend would be arrested.

14. Plaintiff asked Defendants HOFFMAN and DICK why they were bothering Plaintiff's friend and Plaintiff.

15. A couple of other JOHN DOES members of the NYPD arrived on the scene.

16. Without cause or justification, Defendants HOFFMAN and DICK, and the JOHN DOES members of the NYPD who came to the scene, told Plaintiff to be quiet, grabbed Plaintiff, threw Plaintiff into a wall, threw Plaintiff onto the ground, mashed Plaintiff's face into the pavement, and rear-handcuffed Plaintiff.

17. The handcuffs were placed upon Plaintiff with an extremely excessive and punitive tightness.

18. Plaintiff asked Defendants HOFFMAN and DICK numerous times to loosen the handcuffs, but his requests were ignored.

19. Plaintiff's wrists hurt for days following his arrest.

20. Plaintiff was taken to a nearby police precinct.

21. Plaintiff's friend was not placed under arrest. On information and belief Plaintiff's friend received a summons.

22. At the precinct Plaintiff was subjected to a search of his pockets, and was fingerprinted, photographed, and subjected to an iris scan.

23. Plaintiff was held at the precinct for approximately 4 or 5 hours, and then taken to Queens Central Booking.

24. At Queens Central Booking, Defendant DICK forced Plaintiff to remove ornamental buttons from his jacket, which were never returned to Plaintiff.

25. Plaintiff spent the night at Queens Central Booking, and then was arraigned at approximately 1 p.m. on March 22, 2013.

26. Plaintiff was falsely charged with obstructing governmental administration under Penal Law § 195.05, disorderly conduct under Penal Law § 240.20(6), and resisting arrest under Penal Law § 205.30.

27. The Criminal Court complaint is based upon information allegedly provided in a supporting deposition by Defendant HOFFMAN, and falsely alleged that Defendant HOFFMAN observed Plaintiff (who is referred to in the Criminal Court Complaint as Tarique Robinson) congregating with other persons in a public place, and that Plaintiff refused a lawful order of police to disperse and caused a crowd to gather in response to Plaintiff's

actions. The Criminal Court Complaint also falsely alleged that while Defendant HOFFMAN was attempting to apprehend Plaintiff, Plaintiff placed himself between Defendant HOFFMAN and a person being issued a summons, and that Plaintiff resisted arrest by flailing his arms.

28. The allegations on the Criminal Court Complaint are lies.

29. Plaintiff did not do any of the things that were falsely alleged in the Criminal Court Complaint.

30. Plaintiff accepted an adjournment in contemplation of dismissal at his arraignment.

31. All charges against Plaintiff were dismissed in their entirety on September 20, 2013 pursuant to the adjournment in contemplation of dismissal.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

32. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

33. By their conduct and actions in unlawfully assaulting and battering plaintiff, violating rights to equal protection of plaintiff, falsely arresting plaintiff, unlawfully searching and seizing plaintiff, unlawfully converting plaintiff's property,

violating and retaliating for plaintiff's exercise of his rights to free speech and assembly, inflicting emotional distress upon plaintiff, abusing process against plaintiff, fabricating an account and /or evidence with regard to plaintiff, violating rights to due process of plaintiff, failing to intercede on behalf of the plaintiff, and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants HOFFMAN, DICK, DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth and Fourteenth amendments.

34.  As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

35. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

36. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth amendments.

37. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

**LIABILITY OF DEFENDANT THE CITY OF NEW YORK
FOR CONSTITUTIONAL VIOLATIONS**

38. The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and

through the individual defendants had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

40.  At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.  At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of excessive force by members of the NYPD, and of encouraging and/or tacitly sanctioning the violation of and/or retaliation for the exercise of free speech that is critical of members of the NYPD or is perceived by the members of the NYPD as questioning their authority.  These policies, practices, customs, and usages were a direct and proximate cause

of the unconstitutional conduct alleged herein.

42. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

43. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops and frisks, which are implemented disproportionately upon young men of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

44. As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
            March 17, 2016

                                        /S/   Jeffrey A. Rothman
                                        JEFFREY A. ROTHMAN, Esq.
                                        315 Broadway, Suite 200
                                        New York, New York 10007
                                        (212) 227-2980
                                        Attorney for Plaintiff